**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clayton Paul Farnsworth, | No. CV-17-00382-TUC-DCB (DTF) |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

This matter was referred to Magistrate Judge D. Thomas Ferraro, on August 3, 2017. Petitioner Clayton Paul Farnsworth (Petitioner) filed a Petition for writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Petition). Pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a), Magistrate Judge Ferraro issued a Report and Recommendation (R&R) on September 27, 2018. (Doc. 12: R&R). He recommends that the District Court deny and dismiss the Petition without prejudice.

STANDARD OF REVIEW

The duties of the district court, when reviewing a R&R of a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a R&R, "'[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no

objections are filed, the district court does not need to review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc).

To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus,* 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also,* Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court,* 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also,* Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). To date, no objections have been filed.

REPORT AND RECOMMENDATION

In Ground One of his Petition, Petitioner raises a Prosecutorial Misconduct claim. Magistrate Judge Ferraro finds that Petitioner failed to exhaust Ground One by raising it on direct appeal in State court, and any attempt to exhaust this claim now would be futile. Accordingly Ground One is technically exhausted, procedurally defaulted, and there are no grounds for the Court to excuse the default.

In Ground Two, Petitioner raises an Ineffective Assistance of Counsel claim (IAC). Magistrate Judge Ferraro finds that Ground Two is unexhausted in State court. Petitioner's IAC claim is undergoing a post-conviction proceeding brought pursuant to Rule 32. Since Petitioner's Rule 32 proceeding is ongoing, the IAC claim in Ground Two is unexhausted and premature.

This Court has discretion to enter a stay of these proceedings if Petitioner has good cause for failing to exhaust his claims. However, Magistrate Judge Ferraro recommends that this Court dismiss the Petition without prejudice rather than stay the proceedings because a stay and abeyance is inappropriate in this case. Dismissing the Petition without prejudice allows Petitioner to exhaust his IAC claim in State court before filing another petition for federal habeas relief. A petition filed after a mixed petition has been dismissed before the district court adjudicated any claims is to be treated as any other first petition, not as a second or "successive" petition.

Here, there are no objections and review has, therefore, been waived, the Court nevertheless reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed *de novo*); *Martinez v. Ylst,* 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object, alone, will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)). The Court finds the R&R to be thorough and well reasoned, without any clear error in law or fact. See *United States v. Remsing,* 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A) as providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law). The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1).

**Accordingly**,

**IT IS ORDERED** that the reference to the Magistrate Judge is withdrawn. Further, the Report and Recommendation [Doc. 12] is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Petition is dismissed and denied without prejudice.

1

2          **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment

3   accordingly.

4          **IT IS FURTHER ORDERED** that, in the event the Plaintiff, proceeding here in

5   forma pauperis under 42 U.S.C. § 1983, files an appeal, the Court finds the appeal is not

6   taken in good faith because an appeal would be frivolous as there is no substantial argument

7   to be made contrary to this Court's determination recorded here.  28 U.S.C. 1915(a)(3) and

8   FRAP 24(a); *Cruz v. Hauck*, 404 U.S. 59, 62 (1971).

9          Dated this 18th day of December, 2018.

10

11

12

13                                        _____
                                          Honorable David C. Bury
14                                        United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        - 4 -